# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| 3D SYSTEMS CORP., <br><br> Plaintiff, <br><br> vs. <br><br> PAUL A. MILLER and UNION TECH, INC., <br><br> Defendants. | Case No. 1:17-cv-3252-RLY-MJD |

## CASE MANAGEMENT PLAN

**I.** **Parties and Representatives**

    A.    Plaintiff:    3D Systems Corporation ("3D Systems")

             Defendants:    Paul A. Miller ("Miller")
                                Union Tech, Inc. ("UnionTech")

    B.    <u>Plaintiff's counsel</u>:    John R. Maley, Esq. (14300-89)
                                          Rubin Pusha III, Esq. (30815-49)
                                          BARNES & THORNBURG LLP
                                          11 South Meridian Street
                                          Indianapolis, Indiana 46204
                                          Telephone: (317) 236-1313
                                          Facsimile: (317) 231-7433
                                          E-mail: jmaley@btlaw.com
                                          Email: rubin.pusha@btlaw.com

                                          *Admitted pro hac vice:*
                                          William H. Floyd, III
                                          wfloyd@nexsenpruet.com
                                          Nikole Setzler Mergo
                                          nmergo@nexsenpruet.com
                                          James A. Byars
                                          jbyars@nexsenpruet.com
                                          NEXSEN PRUET, LLC
                                          1230 Main Street, Suite 700 (29201)
                                          Post Office Drawer 2426
                                          Columbia, SC 29202
                                          PHONE: (803) 771-8900

FACSIMILE: (803) 253-8277

| | |
|---|---|
| <u>Miller's counsel</u>: | Steven M. Crell |
| | COHEN GARELICK & GLAZIER, P.C. |
| | 8888 Keystone Crossing Plaza |
| | Suite 800 |
| | Indianapolis, Indiana 46240 |
| | Phone: (317) 573-8888 |
| | screll@cgglawfirm.com |
| | |
| <u>Union Tech's counsel</u>: | Bryan S. Strawbridge |
| | Alan S. Brown |
| | FROST BROWN TODD LLC |
| | 201 North Illinois Street |
| | Suite 1900 |
| | Indianapolis, IN 46244-0961 |
| | Phone: (317) 237-3868 |
| | bstrawbridge@fbtlaw.com |
| | abrown@fbtlaw.com |
| | |
| | *Admitted pro hac vice:* |
| | Louis DiSanto |
| | Mark S. Cooperman |
| | Matthew P. Becker |
| | Katie L. Becker |
| | BANNER & WITCOFF, LTD. |
| | Ten South Wacker Drive |
| | Suite 3000 |
| | Chicago, IL 60606-7407 |
| | Phone: (312) 463-5000 |
| | ldisanto@bannerwitcoff.com |
| | mcooperman@bannerwitcoff.com |
| | kbecker@bannerwitcoff.com |
| | mbecker@bannerwitcoff.com |

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

## II. **Jurisdiction and Statement of Claims**

A. The parties state that the Court has subject matter jurisdiction over this action.

3D SYSTEMS' ADDITIONAL STATEMENT: 3D Systems additionally submits that, as previously noted by the Court, Defendants' arbitration-related allegations are irrelevant to the Court's subject matter jurisdiction over this action and

premature pending the entry of preliminary and/or permanent injunctive relief. 3D Systems expressly preserves the right to substantively address Defendants' arbitration-related allegations at the appropriate time.

MILLER'S ADDITIONAL STATEMENT: Miller additionally submits that Plaintiff's claims are subject to arbitration.

UNIONTECH'S ADDITIONAL STATEMENT: UnionTech additionally submits that UnionTech does not waive their right to assert that the Plaintiff's claims against Miller and UnionTech are subject to arbitration or that equitable estoppel compels arbitration of the claims against Miller and UnionTech.

B. <u>Plaintiff's Statement of Claims</u>:

3D Systems is a leading provider of 3D content-to-print solutions, including 3D printers, print materials and on-demand custom parts services for professionals and consumers. For twenty years, Paul Miller worked for 3D Systems, responsible for promoting and developing sales of the 3D Systems' printing products and managing current and prospective customer relationships within a large territory. In 2017, however, Miller spent the final months of his employment surreptitiously diverting and storing huge amounts of 3D Systems' confidential, proprietary, and trade secret information to which he had access— and additional information to which he did not have authorized access—in preparation for his new employment position as Union Tech's Director of Sales for North America. Miller began working for Union Tech, while still employed by 3D Systems, and immediately began to use 3D Systems' trade secrets and customer relationships to unfairly compete against the company on Union Tech's behalf. Miller's illegal misconduct was revealed by his misuse of a stolen trade secret document identifying approximately 440,000 of 3D Systems' current and prospective customers on an international basis over a five-year period, which Miller stored on Union Tech's electronic databases and uploaded into the database of a mass email marketing company in an effort to facilitate contact with 3D Systems' customers on Union Tech's behalf.

Union Tech, a Chinese-owned international competitor of 3D Systems and new arrival in the United States' 3D printing marketplace, recruited Miller as one of its first U.S. management hires and, upon information and belief, directed, authorized, and/or condoned Miller's misappropriation of 3D Systems' trade secrets to unfairly compete against 3D Systems on Union Tech's behalf. Union Tech's misconduct includes, without limitation, providing Miller with the express and/or apparent authority to upload 3D Systems' confidential and trade secret information onto its server and to use, disclose, or otherwise misappropriate the same on its behalf, under circumstances in which Union Tech knew or should have known that all such information was derived from Miller's employment with 3D Systems and under circumstances in which he had a duty to maintain its secrecy and limit its use.

3

Accordingly, 3D Systems asserts the following claims: violation of the Defend Trade Secrets Act, 28 U.S.C. § 1836 *et seq.* (as to both Defendants); violation of the Indiana Uniform Trade Secrets Act, Ind. Code Ann. § 24-2-3-1, et seq. (as to both Defendants); breach of his common law duty of loyalty and fiduciary duty; (as to both Defendants); tortious interference with 3D Systems' existing and prospective contractual relationships (as to both Defendants); tortious interference with 3D Systems' contract with Miller (as to Union Tech); violation of the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*(as to Miller); and breach of contract (as to Miller).

C. <u>Defendants' Statement of Claims:</u>

<u>Statement of Defendant PAUL MILLER</u>:

Paul Miller worked for 3D Systems for over 20 years. His employment terminated on August 25, 2017. At the time of termination of his employment, Miller was director of sales of 3D Systems.

During the term of his employment with 3D Systems, Mr. Miller was provided free access to 3D Systems' customer contacts and information (the "Data). Miller would, on occasion, throughout the entire tenure of his employment with 3D Systems, with the knowledge and understanding and consent of 3D Systems, send 3D Systems' Data to an outside company, Address Two, to use the Data to market the products and services of 3D Systems. Mr. Miller and the other members of the 3D Systems sales team were primarily interested in and responsible for the marketing of services for 3D Systems, and therefore other members of the sales team also participated in the use of the Data for marketing and other purposes.

Mr. Miller sought and obtained employment with Union Tech, Inc. ("Union Tech") At all times, both prior to and during Miller's employment with Union Tech, representatives of Union Tech, Inc. mandated that Miller not use or disclose any of 3D Systems' proprietary information.

When Mr. Miller was still employed by 3D, he sent portions of the Data to Address Two and requested that the Data be organized and duplicate entries be deleted. 3D Systems discovered an email exchange between Miller and Address Two and issued a cease and desist letter to Miller, Address Two, and Union Tech, demanding that all 3D Systems Data be returned to 3D Systems and deleted and not used by Miller, Union Tech or Address Two.

Miller attempted compliance with the cease and desist letter. He deleted links to and any copies of the Data, and he preserved his cloud account and other electronic copies of any 3D Data, which he ultimately delivered to counsel for 3D Systems. Miller has no access to or copies of any 3D Systems Data or

information and no access to or copies of any accounts where any such Data was housed in Miller's possession.

Miller has not used confidential or trade secret information of 3D Systems to make any sales or solicitations or to in any way negatively impact 3D Systems. Miller has not transferred any confidential or trade secret information of 3D Systems to anyone and no sales have been taken or diverted by anyone as a result of Miller's possession of the Data. While Miller was in possession of the Data following termination of his employment with 3D Systems, he did not cause any damage or loss to 3D Systems and returned all of the Data in his possession to 3D Systems.

Paul Miller joins the proposals of UnionTech set forth in Sections III through VI below.

<u>Statement of Defendant UNIONTECH</u>:

UnionTech did not "provide Miller with the express and/or apparent authority to upload 3D Systems' confidential and trade secret information onto its server and to use, disclose, or otherwise misappropriate the same on its behalf" as alleged by Plaintiff above. To the contrary, UnionTech's Employment Agreement with Miller expressly prohibited Mr. Miller from bringing any proprietary information of 3D Systems (his former employer) to UnionTech and also prohibited him from disclosing or using such information. UnionTech had no knowledge of Miller's possession of alleged trade secrets belonging to 3D Systems. UnionTech did not request that Miller bring any 3D Systems trade secret information to UnionTech and specifically instructed him not to do so. UnionTech also had no knowledge that Miller uploaded data alleged to be 3D Systems trade secret information onto computer system(s) or e-mail accounts associated with UnionTech. Miller unilaterally undertook the actions alleged to constitute trade secret misappropriation and UnionTech cannot be vicariously liable.

Union Tech did not learn of the details of Mr. Miller's alleged actions that form the basis of Plaintiff's claims until UnionTech received the Complaint and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction on September 13, 2017. On that same day, UnionTech suspended Mr. Miller indefinitely, instructed him not to perform any work on behalf of Union Tech, directed Mr. Miller to not access or alter any email, database, or other information of UnionTech, and directed him return to counsel for UnionTech his laptop and telephone and to preserve and not access or alter any electronic information on those devices. On September 14, 2017, UnionTech agreed to the entry of the temporary restraining order and expedited discovery in the interest of resolving this dispute promptly and fairly for all parties involved.

D. Within 14 days after the non-expert discovery deadline, and consistent with the certification provisions of Fed. R. Civ. P. 11(b) the party with the burden of proof

5

shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

### III. Pretrial Pleadings and Disclosures

A. <u>PLAINTIFF'S PROPOSAL</u>: Plaintiff shall complete expedited, preliminary discovery by **December 15, 2017**. *See* ECF Docket No. 23. A briefing schedule regarding Plaintiff's Motion for Preliminary Injunction (ECF Docket No. 7) is as follows:

(i) Plaintiff shall submit any additional briefing regarding its Preliminary Injunction (ECF Docket No. 7) by March 29, 2017;
(ii) Defendants shall file opposition briefing by April 12, 2018;
(iii) Plaintiff shall fil reply briefing by April 19, 2018;
(iv) The Court will schedule a hearing on Plaintiff's Motion for Preliminary Injunction (ECF Docket No. 7) at the first available date in May of 2018.

Plaintiffs will respond to written discovery from UnionTech by **November 13, 2017**.

UnionTech shall be allowed a preliminary deposition of a 30(b)(6) corporate representative of Plaintiff during the expedited, preliminary discovery period ending on December 15, 2017

<u>UNIONTECH'S PROPOSAL</u>: All Parties shall complete expedited, preliminary discovery by **December 15, 2017**. *See* ECF Docket No. 13. A briefing schedule regarding Plaintiff's Motion for Preliminary Injunction (ECF Docket No. 7) is as follows:

(i) Plaintiff shall submit any additional briefing regarding its Preliminary Injunction (ECF Docket No. 7) by Dec. 29, 2017;
(ii) Defendants shall file opposition briefing by Jan. 12, 2018;
(iii) Plaintiff shall fil reply briefing by Jan. 19, 2018;
(iv) The Court will schedule a hearing on Plaintiff's Motion for Preliminary Injunction (ECF Docket No. 7) at the first available date in January or February of 2018.

Plaintiffs shall respond to written discovery served by UnionTech on September 22, 2017 by **October 20, 2017**.

UnionTech shall be allowed a preliminary deposition of a 30(b)(6) corporate representative of Plaintiff and up to two (2) preliminary depositions of employees of Plaintiff or third-parties during the expedited, preliminary discovery period ending on December 15, 2017.

B.     PLAINTIFF'S PROPOSAL: The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **January 15, 2018**.

UNIONTECH'S PROPOSAL: The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **October 27, 2017**.

C.     PLAINTIFF'S PROPOSAL: Plaintiff shall file preliminary witness and exhibit lists on or before **February 13, 2018**.

UNIONTECH'S PROPOSAL: Plaintiff shall file witness and exhibit lists for the hearing on Plaintiff's Motion for Preliminary Injunction at least five (5) business days prior to the hearing. Plaintiff shall file preliminary witness and exhibit lists for trial on or before **February 13, 2018**.

D.     PLAINTIFF'S PROPOSAL: Defendants shall file preliminary witness and exhibit lists on or before **March 13, 2018**.

UNIONTECH'S PROPOSAL: Defendants shall file witness and exhibit lists for the hearing on Plaintiff's Motion for Preliminary Injunction at least five (5) business days prior to the hearing. Defendants shall file preliminary witness and exhibit lists for trial on or before **March 13, 2018**.

E.     PLAINTIFF'S PROPOSAL: All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **February 13, 2018**.

UNIONTECH'S PROPOSAL: All motions for leave to amend the pleading and/or to join additional parties shall be filed on or before **November 30, 2017**.

F.     PLAINTIFF'S PROPOSAL: Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **February 13, 2018**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the demand.

UNIONTECH'S PROPOSAL: Plaintiff shall serve Defendants (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **December 22, 2017**. Defendants shall serve on the Plaintiff (but not file with the Court) a response thereto within 14 days after receipt of the demand.

G.     PLAINTIFF'S PROPOSAL: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 15, 2018**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 13, 2018**, or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **November 13, 2018**.

UNIONTECH'S PROPOSAL: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **March 15, 2018**. Defendants shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **April 15, 2018**, or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **April 15, 2018.** If any Party will rely on expert witness testimony for the hearing on Plaintiff's Motion for Preliminary Injunction, the name, address, and vita of the expert witness and a report required by Fed. R. Civ. P. 26(a)(2) will be served on the other parties by **November 30, 2015**.

H.  PLAINTIFF'S PROPOSAL: If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **90 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

UNIONTECH'S PROPOSAL: If a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than **30 days prior to the dispositive motion deadline**. If such expert disclosures are served the parties shall confer **within 7 days** to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

I.  Any party who wishes to limit or preclude expert testimony at trial shall file any such objections no later than **60 days prior to trial**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by Local Rule 56-1.

J.  PLAINTIFF'S PROPOSAL: All parties shall file and serve their final witness and exhibit lists on or before **November 13, 2018**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

UNIONTECH'S PROPOSAL: All parties shall file and serve their final witness and exhibit lists on or before **August 15, 2018**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

K.  Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

L.  <u>Discovery of electronically stored information ("ESI")</u>. The parties anticipate the necessity of producing a substantial volume of ESI in this case. **The parties have attached hereto an ESI Supplement to this Case Management Plan to outline the issues and remaining dispute among the parties related to the production and analysis of ESI.**

## IV. Discovery[1] and Dispositive Motions

A.  Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

<u>Plaintiff</u>:

Yes. Subject to a reasonable opportunity for discovery, 3D Systems expects to seek summary judgment on its claims against Miller on the grounds that indisputable forensic evidence and relevant witness testimony establish no genuine issue of material fact that Miller misappropriated 3D Systems' trade secrets and violated other contractual and common law obligations owed to 3D Systems. 3D Systems also expects to seek summary judgment against Union Tech on the grounds that there is no genuine issue of material fact that Miller's misconduct occurred through his role as an employee and/or agent of Union Tech with the express and/or apparent authority to engage in such misconduct on its behalf. 3D Systems also expects to demonstrate that Union Tech's possession of and access to 3D Systems' confidential information and trade secrets on its electronic databases leave no genuine issue of material fact that Union Tech knew

---

[1]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

or should have known that the information it obtained from Miller was obtained by improper means and/or under circumstances in which Miller had a duty to maintain its secrecy or limit its use.

Defendants:

UNIONTECH: UnionTech currently expects to seek summary judgment on the grounds that there is no genuine issue of material fact that UnionTech is not vicariously liable for Miller's alleged misconduct and that UnionTech did not intentionally interfere with Miller's employment agreement with 3D Systems. UnionTech may identify additional claims and defenses appropriate for summary judgment as discovery proceeds or is completed in this action.

B. Select the track that best suits this case:

PLAINTIFF'S PROPOSAL: ___X___ Track 3: Dispositive motions are expected and shall be filed no later than **September 13, 2018**; discovery relating to liability issues and expert witness discovery that may be necessary at the dispositive motions stage shall be completed by **August 13, 2018**; all remaining discovery shall be completed by **January 14, 2019**.

UNIONTECH'S PROPOSAL: Track 2: Dispositive motions are expected and shall be filed by; **May 18, 2018**; non-expert witness discovery and discovery relating to liability issues shall be completed by **March 1, 2018**; expert witness discovery and discovery relating to damages shall be completed by **May 1, 2018**.

Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

V. **Pre-Trial/Settlement Conferences**

PLAINTIFF'S PROPOSAL: At any time, any party may call the Judge's Staff to request a conference, or the Court may sua sponte schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in April 2018 and (if necessary) April 2019.**

UNIONTECH'S PROPOSAL: UnionTech requests settlement conference in **January 2018 and (if necessary) August 2018**.

VI. **Trial Date**

PLAINTIFF'S PROPOSAL: The presumptive trial date is **May 13, 2019**. The parties request a trial date in **May 2019**. The trial is by **jury** and is anticipated to take **5 days**.

The excessively compressed track proposed by Union Tech is infeasible and inappropriate because the scope and complexity of the evidentiary and discovery issues involved in Defendants' misconduct will require the full time discovery period provided in the Court's standard litigation track.

UNIONTECH'S PROPOSAL: UnionTech requests a trial date in **September 2018**. The trial by **jury** is anticipated to take no more than **3 days**. A shorter track than proposed by Plaintiff in this matter is appropriate for at least the reasons that expedited discovery in this matter already taking place and a majority of discovery in this matter can likely be completed by the end of the ongoing expedited discovery period (December 15, 2017) provided that UnionTech is permitted to engage in discovery of Plaintiff during this period as requested above in III(A).

## VII. Referral to Magistrate Judge

A. **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

B. **Motions**. The parties **do not** consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

## VIII. Required Pre-Trial Preparation

A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

       a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

       b.     if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5. Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6. Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.** **<u>Other Matters</u>**

None at this time.

*s/John R. Maley*_____
John R. Maley
Rubin Pusha III.
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Phone: (317) 236-1313
jmaley@btlaw.com
rubin.pusha@btlaw.com

*Admitted pro hac vice:*
William H. Floyd, III
Nikole Setzler Mergo
James A. Byars
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
PO Box 2426 (29202)
Columbia, South Carolina 29201
Phone: (803) 771-8900
wfloyd@nexsenpruet.com
nmergo@nexsenpruet.com
jbyars@nexsenpruet.com


*Counsel for 3D Systems Corporation*

*s/Bryan S. Strawbridge* _____
(*filed with permission per Local Rule*)
Bryan S. Strawbridge
Alan S. Brown
FROST BROWN TODD LLC
201 North Illinois Street
Suite 1900
Indianapolis, IN 46244-0961
Phone: (317) 237-3868
bstrawbridge@fbtlaw.com
abrown@fbtlaw.com

*Admitted pro hac vice:*
Louis DiSanto
Mark S. Cooperman
Matthew P. Becker
Katie L. Becker
BANNER & WITCOFF, LTD.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Phone: (312) 463-5000
ldisanto@bannerwitcoff.com
mcooperman@bannerwitcoff.com
kbecker@bannerwitcoff.com
mbecker@bannerwitcoff.com

*Counsel for Union Tech, Inc.*

*s/Steven M. Crell*_____
(*filed with permission per Local Rule*)
Steven M. Crell
COHEN GARELICK & GLAZIER, P.C.
8888 Keystone Crossing Plaza
Suite 800
Indianapolis, Indiana 46240
Phone: (317) 573-8888
screll@cgglawfirm.com

*Counsel for Paul A. Miller*

****************************************************************************

|     |                                                                                                                                                                                                                                                                                          |
| --- | -------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- |
|     | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE.                                                                                                                                                                                                      |
|     | APPROVED AS SUBMITTED.                                                                                                                                                                                                                                                                     |
|     | APPROVED AS AMENDED.                                                                                                                                                                                                                                                                       |
|     | APPROVED AS AMENDED PER SEPARATE ORDER.                                                                                                                                                                                                                                                    |
|     | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS.                                                                                                                                                                                             |
|     | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS.                                                                                                                                                               |
|     | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____.                                                                                  |
|     | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:  _____ IN PERSON IN ROOM _____; OR  _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (____) _____; OR  _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (____) _____; |
|     | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____                                                                                                                                                                                                                      |

Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____ _____
Date U. S. District Court
Southern District of Indiana