UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| 3D SYSTEMS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-03252-RLY-MJD |
| | ) | |
| PAUL A. MILLER, | ) | |
| UNION TECH, INC., and | ) | |
| RP SALES AMERICA, INC. | ) | |
| d/b/a RP AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff, 3D Systems Corp., brought this suit against its former employee, Paul Miller, and Miller's then-current employer, Union Tech, Inc. Four months later, 3D Systems amended its complaint to join RP Sales America, Inc. as a defendant. RP Sales now moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. For the reasons set forth below, Defendant's Motion to Dismiss for Lack of Personal Jurisdiction is **DENIED**.

**I.     Motion to Dismiss Standard**

An action may be dismissed under Federal Rule of Civil Procedure 12(b)(2) due to lack of personal jurisdiction. A plaintiff's complaint need not contain facts alleging personal jurisdiction. *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th. Cir. 1998). However, if a defendant moves to dismiss the complaint due to lack of

1

personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is proper. *Id.* The precise nature of this burden will vary depending upon whether the court relies on an evidentiary hearing or the submission of written materials. *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

In the instant case, the court relies entirely on the submission of written materials. Accordingly, Plaintiff "need[s] to only make out a *prima facie* case of personal jurisdiction." *Hyatt Int'l. Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). In evaluating whether the prima facie standard has been satisfied, "all disputes concerning relevant facts presented in the record" are resolved in favor of Plaintiff. *Nelson by Carson v. Park Industries, Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983).

**II.    Facts**

The court accepts the following facts as true for purposes of the present motion.

RP Sales is an Iowa corporation that was formed in July 2016 for the express purpose of serving as a distributor for Union Tech, a 3D printing company that competes with 3D Systems. (Filing No. 87, Am. Compl. ¶¶ 4, 14, 15). Paul Miller is a former employee of 3D Systems who was hired by Union Tech as the Director of Sales for North America. (*Id.* ¶ 71).

During his employment with 3D Systems, Miller had access to a variety of confidential, proprietary, and trade secret information, including the identities of actual and potential customers. (*Id.* ¶¶ 23–24). Miller executed an Employment Confidentiality and Non-Solitication and Arbitration Agreement in which he agreed not to disclose this confidential information to third parties. (*Id.* ¶¶ 29-30). Plaintiff alleges Miller violated

this agreement by sharing important confidential information with RP Sales and Union Tech. (*Id.* ¶¶ 83-84).

RP Sales sells its products in states across the country, including Indiana. (Filing No. 113-1, Declaration of Daniel Terpstra ("Terpstra Decl.") ¶ 6). Although RP Sales has never sold a Union Tech product in Indiana, the company has attempted to do so. (Filing No. 120-1, Declaration of Paul Miller ("Miller Decl.") ¶¶ 4–6). For example, an RP Sales representative sent Miller a "pipeline" of the company's sales efforts with a variety of prospective Union Tech customers. (*Id.* ¶ 5). This pipeline indicated the desire of RP Sales to work with one of Miller's former Indiana-based contacts for Valeo-Group ("Valeo") regarding the potential purchase of Union Tech printers. (*Id*). In addition, RP Sales hired Aaron Pullen, who had previously worked for Miller and listed Miller as a reference on his resume, as an independent contractor to promote the sales of its products in Indiana, Illinois, and Kentucky. (Filing No. 121-5, Independent Contractor Agreement; Filing No. 121-3 Email re: Summary 8/25/17). Pullen then requested Miller's assistance regarding a sales opportunity with Delta Faucet Company, an Indiana-based company with which Miller had previously worked. (Miller Decl. ¶ 6).

### III. Discussion

This court has personal jurisdiction over a defendant when two criteria are met. *Purdue*, 338 F.3d at 779. First, personal jurisdiction over the defendant must be authorized under the law of Indiana. *Id*. Second, the exercise of personal jurisdiction over a defendant must be consistent with the requirements of federal due process. *Id*. Because Indiana Rule of Trial Procedure 4.4(a) extends personal jurisdiction to the full

extent permitted by federal due process, this court need only address whether the exercise of personal jurisdiction over Defendant would be inconsistent with federal due process.

The Due Process Clause of the Federal Constitution limits when a court may exercise personal jurisdiction based upon a defendant's connections to the forum state. For example, a defendant must "have certain minimum contacts" with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

The "minimum contacts" analysis differs based upon whether a court is exercising general or specific personal jurisdiction. General jurisdiction requires a defendant to have continuous and systematic contacts with the forum state. *Purdue*, 338 F.3d at 787. This more stringent test "allows a defendant to be sued in the forum regardless of the subject matter of the litigation." *Id*. In contrast, specific jurisdiction only "exists for controversies that arise out of or are related to the defendant's forum contacts." *Hyatt*, 302 F.3d at 713. Plaintiff focuses its arguments on specific, rather than general, jurisdiction.

The Seventh Circuit has held that the test for specific personal jurisdiction may be condensed to three essential elements. *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). First, "the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state." *Id*. Second, the plaintiff's claims must arise out of or relate to the defendant's contacts with the forum state. *Id*. Finally, the court's exercise of personal jurisdiction must be

4

consistent with traditional notions of fair play and substantial justice. *Id*. (citing *Int'l Shoe*, 326 U.S. at 316).

### A. Conduct Directed at the Forum State

For specific personal jurisdiction to be satisfied, "it is essential…that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Thus, the contacts must be established by the defendant itself rather than "the unilateral activity of another party or a third person." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In addition, the Supreme Court has determined that "it is presumptively not unreasonable to require" a defendant to litigate in a forum state where the defendant "has availed himself of the privilege of conducting business." *Burger King*, 471 U.S. at 476. Ultimately, requiring a defendant's activities be purposefully directed at the forum state "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id*. at 475 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)).

RP Sales has pursued business and sold products in Indiana. (Terpstra Decl. ¶ 6). Therefore, RP Sales' contacts with Indiana are not "random" or "fortuitous"; rather, they are the result of the company intentionally availing itself of the privilege of conducting business in the state. It is thus reasonable to expect the company to submit to the burden of litigating in the state. *See Illinois v. Hemi Group LLC*, 622 F.3d 754, 758 (7th Cir.

5

2010) (holding that a cigarette company may properly be required to litigate in Illinois "as a result of its cigarette sales to Illinois customers").

      B.      **The Relationship between Plaintiff's Claim and Defendant's Contacts**

The second element requires the litigation to "arise out of or relate to" the defendant's contacts with the forum state. *Tamburo v. Dworkin*, 601 F.3d 693, 708 (7th Cir. 2010) (citing *Burger King*, 471 U.S. at 472). This factor focuses on the extent to which there is a "nexus between a defendant's contacts and the underlying cause of action." *Felland*, 682 F.3d at 676–77. Evaluating this nexus requires the court to examine "the context of the entire transaction," including "prior negotiations, contemplated future consequences, the terms of the contract and the parties' course of actual dealing with each other." *Purdue*, 338 F.3d at 781 (citing *Burger King*, 471 U.S. at 478–79).

Plaintiff's claim "arise[s] out of" RP Sales' contacts with Indiana. While RP Sales has not yet sold any Union Tech products in Indiana, it has repeatedly targeted the state in an attempt to do so. For example, RP Sales contacted or attempted to contact one of Miller's Indiana-based contacts at Valeo after Miller informed the contact that he should work directly with RP Sales regarding any potential purchase of Union Tech printers. (Miller Decl. ¶ 5). In addition, Paulsen, who worked as an independent contractor for RP Sales, contacted Miller and asked for help regarding a potential sales opportunity between RP Sales and the Indiana-based company, Delta Faucet. RP Sales not only contacted Miller while he was in Indiana, but tried to take advantage of the relationships Miller had developed with his Indiana contacts. These facts show a course of dealing

linking RP Sales' contacts to Indiana with Plaintiff's alleged injury. RP Sales intentionally targeted Indiana when attempting to make sales on Union Tech's behalf and sought Miller's help in doing so. Plaintiff alleges that Miller's assistance included providing RP Sales with Plaintiff's confidential and trade secret information. Therefore, Plaintiff's claim arises out of or relates to RP Sales' contacts with Indiana.

    C.    **Traditional Notions of Fair Play and Substantial Justice**

The final inquiry examines whether exercising personal jurisdiction over the defendant would offend traditional notions of fair play and substantial justice. *See Int'l Shoe*, 326 U.S. at 316. The following factors guide courts in making this determination: "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." *Burger King*, 471 U.S. at 477 (internal quotation marks and citation omitted). These factors "sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." *Id*. However, a defendant who has purposefully directed its activities toward a forum state but wants to defeat jurisdiction "must present a compelling case" that the court's exercise of jurisdiction over the defendant would be unreasonable. *Id*.

Defending this suit in Indiana is unlikely to be extremely burdensome for RP Sales. It not only conducts business in Indiana, it also employs Pullen as an independent contractor in Indiana and is represented by the same counsel as Union Tech. *See McGee*

*v. International Life Ins. Co.*, 355 U.S. 220, 223 (1957) (noting that "modern transportation and communication have made it much less burdensome for a party sued to defend himself in a State where he engages in economic activity"). In addition, Indiana has an "interest in redressing injuries that occur within the state." *Keeton*, 465 U.S. at 777. Furthermore, the claims against Union Tech and RP Sales are based upon interrelated facts and legal issues. Thus, concerns about efficiency and convenience also justify litigating the claims against RP Sales in this court. These facts show that exercising personal jurisdiction over RP Sales would not offend traditional notions of fair play and substantial justice.

**IV. Conclusion**

For the reasons set forth above, the court may properly exercise personal jurisdiction over Defendant. Accordingly, the court **DENIES** Defendant's Motion to Dismiss for Lack of Personal Jurisdiction (Filing No. 112).

**SO ORDERED** this 29th day of June 2018.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.